IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

J&J SPORTS PRODUCTIONS, INC. :
:
v. : Civil Action No. DKC 18-1000
:
PRO STREET SHOP, LLC, t/a
Pro Street Café, et al. :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case involving alleged violations of the Communications Act of 1934 is Defendants' motion to dismiss. (ECF No. 17). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied in part and granted in part.

**I. Background[1]**

Plaintiff J&J Sports Productions, Inc. alleges that Pro Street Shop, LLC ("Pro Street") and Randy Richardson, the managing partner of Pro Street (collectively, "Defendants"), improperly intercepted and broadcasted "'*The Fight of the Century*' *Floyd Mayweather, Jr. v. Manny Pacquiao Championship Fight Program*" ("the Program"). Plaintiff purchased "the exclusive nationwide commercial distribution (closed-circuit) rights" to the Program,

---

[1] The following facts are set forth in the complaint and construed in the light most favorable to the Plaintiff.

which aired on May 2, 2015. (ECF No. 1 ¶ 15). After purchasing the distribution rights, Plaintiff entered into sublicensing agreements with various commercial establishments to broadcast the match. (*Id.* ¶ 16). Plaintiff did not enter into a sublicensing agreement with Defendants. In an affidavit attached to Plaintiff's complaint, a private investigator declared that, on the evening of the broadcast, she entered Defendants' establishment in Lanham, Maryland and observed the Program being shown to patrons on multiple screens. (ECF No. 1-1, at 4). The investigator noted that Defendants' establishment had a capacity of "approximately 300 people" and found that there were over 100 people inside during the broadcast.[2] (*Id.*).

Plaintiff contends that Defendants "unlawfully intercept[ed] . . . [and] displaye[ed] the Program at the time of its transmission at [Defendants'] commercial establishment." (ECF No. 1 ¶ 18). Additionally, Plaintiff alleges that Defendant Richardson is liable because he either directed his employees to "unlawfully intercept and broadcast" the Program or is vicariously liable for his employees' conduct because "he had an obvious and direct financial interest" in the interception. (*Id.* ¶ 10).

---

[2] According to Plaintiff's rate card, Plaintiff would have charged Defendants $9,000 to broadcast the Program at a venue with a capacity of 201–300 people. (ECF 1-1, at 7).

2

Plaintiff commenced this action on April 6, 2018, alleging violations of the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605. (ECF No. 1). Defendants filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6) on November 21, 2018, asserting that: (1) the statute of limitations on Plaintiff's claims has run; and (2) Plaintiff fails to state a claim against Defendant Richardson. (ECF No. 17). Plaintiff responded on December 5, 2018 (ECF No. 18), and Defendants replied on December 19, 2018 (ECF NO. 19).

## II. Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver,* 510 U.S. 266, 268

3

(1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979). "In deciding a Rule 12(b)(6) motion, the court will consider the facts stated in the complaint and the documents attached to the complaint." *Abadian v. Lee*, 117 F.Supp.2d 481, 485 (D.Md. 2000) (citing *Biospherics, Inc. v. Forbes, Inc.*, 989 F.Supp. 748, 749 (D.Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998)).

A motion to dismiss pursuant to 12(b)(6) does not generally permit an analysis of potential defenses a defendant may have to the asserted claims. However, dismissal may be appropriate when a meritorious affirmative defense is clear from the face of the complaint. *Brooks v. City of Winston–Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 250 (4th Cir. 1993)). "The statute of limitations is an affirmative defense that should only be employed to dismiss claims pursuant to Rule 12(b)(6) when it is clear from the face of the

4

complaint that the claims are time barred." *Long v. Welch & Rushe, Inc.*, 28 F.Supp.3d 446, 456 (D.Md. 2014) (citations omitted); *see also* 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357, at 352 (3ᵈ ed. 2019) ("A complaint showing that the governing statute of limitations has run on the plaintiff's claim for relief is the most common situation in which the affirmative defense appears on the face of the pleading[,]" rendering dismissal appropriate).

### III. Analysis

#### A. Statute of Limitations

Plaintiff seeks to enforce both "[§§] 605 and 553 of 47 U.S.C., which are provisions of the Federal Cable Act that address different modalities of so-called 'cable theft.'" *J & J Sports Prods., Inc. v. Mayreal II, LLC*, 849 F.Supp.2d 586, 588 (D.Md. 2012). Section 553 prohibits the unauthorized interception or receipt of certain cable communications, while § 605 proscribes the unauthorized interception or receipt of certain "radio" communications, including at least "digital satellite television transmission." *Id.* at 588 n.3. The parties agree that neither 47 U.S.C. § 605 nor § 553 provide a statute of limitations. Defendants argue that Pennsylvania's two-year statute of limitations against tort liability, 42 Pa. Stat. and Cons. Stat. § 5524, should apply to this action. (ECF No. 17, at 2). Plaintiff maintains that Maryland's piracy statute, Md. Code, Crim. Law § 7-

5

303, provides the proper three-year statute of limitations. (ECF No. 18, at 3).

"[W]hen a federal statute contains no statute of limitations, the rule is that the federal court — applying *federal* choice of law rules — will apply the most closely analogous statute of limitations of the *forum* state." *U.S. ex rel. Ackley v. Int'l Bus. Machines Corp.*, 110 F.Supp.2d 395, 402 (D.Md. 2000) (emphasis in original); *see DirecTV, Inc. v. Webb*, 545 F.3d 837, 847 (9th Cir. 2008) ("When a federal statute does not have its own statute of limitations, we are directed to borrow a period from the *forum state's analogous state law*") (emphasis added); *see also Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 355 (1991) ("It is the usual rule that when Congress has failed to provide a statute of limitations for a federal cause of action, a court 'borrows' or 'absorbs' the *local* time limitation most analogous to the case at hand.") (emphasis added). Importantly, there are two exceptions to this federal practice. First, 28 U.S.C. § 1658 provides a general, four-year limitations period for federal statutes enacted after December 1, 1990 that do not have a statute of limitations. *N. Star Steel Co. v. Thomas*, 515 U.S. 29, 34 n.* (1995). 28 U.S.C. § 1658 does not apply to either 47 U.S.C. § 553 or § 605, however, because the causes of action Plaintiff is suing under were not "made possible" after December

1, 1990.³  *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004).  Second, "when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking," courts should, instead, look to an analogous federal law for a statute of limitations.  *N. Star Steel Co.*, 515 U.S. at 34 (quoting *Reed v. United Transp. Union*, 488 U.S. 319 323 (1989)).  This is a "narrow exception to the general rule," however.  *Reed*, 488 U.S. at 324.  Because neither party presents arguments regarding a sufficiently analogous federal law, for the purposes of the instant motion, the court will assume no such law exists.  *See, e.g.*, *Innovative Sports Mgmt., Inc. v. 3508 E. LLC*, No. 11-cv-3268-MJG, 2012 WL 6563378, at *2 (D.Md. Dec. 13, 2012) (choosing not to determine whether there is a closer federal analogue than available state statutes because the parties limited their arguments to which state law applies).

---

³ The Communications Act of 1934 provides the basis for Plaintiff's claim under 47 U.S.C. § 605.  *See* Communications Act of 1934, ch. 652, 48 Stat. 1064, 1103-04 (1934) (codified at 47 U.S.C. § 605).  The Cable Communications Policy Act of 1984 supplies the basis for Plaintiff's cause of action under 47 U.S.C. § 553.  *See* Cable Communications Policy Act of 1984, Pub. L. No. 98-549, 98 Stat. 2779, 2796-97 (1984) (codified at 47 U.S.C. § 553).  While these provisions have been amended since December 1, 1990, the underlying causes of action Plaintiff is relying upon precede that date.  *See Kingvision Pay-Per-View, Corp. v. Belmont, Inc.*, 366 F.3d 217, 220 (3ᵈ Cir. 2004).

Maryland has a piracy statute, Md. Code, Crim. Law § 7-303, that is analogous to 47 U.S.C. §§ 553 and 605.[4] The Maryland piracy statute does not specify a statute of limitations, however. A determination regarding what statute of limitations applies to § 7-303 has not been made by the United States Court of Appeals for the Fourth Circuit or by a Maryland appellate court, but at least one federal judge in Maryland has determined the appropriate statute of limitations. Judge Garbis applied Maryland's three-year limitations period for civil actions, Md. Code, Cts. & Jud. Proc. § 5-101, to claims brought under 47 U.S.C. §§ 553 and 605 in *Innovative Sports*:

> In *DirecTV, Inc. v. Webb*, 545 F.3d 837, 849 (9th Cir. 2008), the Ninth Circuit found the California Piracy Act (a criminal statute) analogous to the FCA but applied the general civil limitation. Similarly, in *J & J Sports Prods., Inc. v. West Side Stories*, No. 5:10-CV-179-F, 2011 WL 2899139, *4 (E.D.N.C. July 18, 2011), the federal district court held that a state criminal statute was analogous to § 605 of the FCA but applied the state "catchall" civil statute of limitations of three years. *Id.* at *5. Also, in *DirecTV, Inc. v. Wright*, 350 F.Supp.2d 1048, 1054 (N.D.Ga. 2004), the district court found a state statute (with a component classifying the crime as a misdemeanor) analogous to the FCA, but the court borrowed Georgia's general

---

[4] 47 U.S.C. § 553 prohibits unauthorized reception of cable services, and 47 U.S.C. § 605 bars unauthorized reception and publication of signal transmissions. Similarly, Md. Code, Crim. Law § 7-303 outlaws the reception of "cable television service" via "fraudulent means[.]" Moreover, all three statutes authorize criminal and civil remedies for violations. *See* 47 U.S.C. §§ 553(b)-(c), 605(e); Md. Code, Crim. Law § 7-303(d)-(f).

8

> four-year statute of limitation for "injuries to personalty."
>
> The Court, recognizing the absence of binding precedent, finds persuasive [Plaintiff]'s contention that the applicable statute of limitations is three years.

2012 WL 6563378, at *2-3. *Innovative Sports* and the analysis therein is analogous and persuasive here. Thus, Maryland's general three-year limitations period for civil actions is applicable to this case. Because the cause of action herein arose on May 2, 2015 (ECF No. 1 ¶ 9), and Plaintiff's complaint was filed on April 6, 2018 (ECF No. 1), Plaintiff's complaint is not time-barred.

### B. Individual Liability

Defendants argue that Mr. Richardson cannot be held personally liable because Plaintiff fails "to allege any facts to support personal liability." (ECF No. 17, at 3). An individual is liable for corporate violations of 47 U.S.C. §§ 553 and 605 when he has the "right and ability to supervise the violations, as well as an obvious and direct financial interest in the misconduct." *Mayreal II*, 849 F.Supp.2d at 589 (quoting *J&J Sports Prods., Inc. v. 291 Bar & Lounge, LLC*, 648 F.Supp.2d 469, 473 (E.D.N.Y. 2009) (internal quotation marks omitted)).

Judge Hollander's analysis in *Mayreal II*, a closely analogous case, provides guidance of what a plaintiff must allege to support vicarious liability under 47 U.S.C. §§ 553 and 605. In *Mayreal II*, "principals and co-owners" of a nightclub were accused of

intercepting and broadcasting a pay-per-view boxing match the plaintiff had exclusive distribution rights over, in violation of 47 U.S.C. §§ 553 and 605. *Id.* at 587. The allegations of vicarious liability rested on the plaintiff's assertion that the defendants were owners of the nightclub, one defendant was the nightclub's resident agent, and both defendants were named on the business's liquor license. *See id.* at 592. Judge Hollander concluded that these allegations were inadequate, pointing out that plaintiffs failed to allege facts demonstrating that the individual defendants were present at the nightclub during the broadcast, that they personally authorized interception and display of the broadcast, that they authorized advertisements for the broadcast, or that they imposed a cover charge to profit from the display. *Id.* Indeed, Judge Hollander found the generalized allegations of individual liability advanced by the plaintiff were a mere "formulaic recitation of the elements of the cause of action."[5] *Id.* at 591-92 (quoting *Twombly*, 550 U.S. at 555). Because the inadequate allegations were coupled with naked claims of liability based on information and belief and simply tracked the language of 47 U.S.C. §§ 553 and 605, the plaintiffs failed to state a claim.

---

[5] The allegations were that "[d]efendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program," and that the violation "by each of the Defendants [was] done willfully and for purposes of direct or indirect commercial advantage or private financial gain." *Id.* at 591-92.

*See id.; see also J&J Sports Prods. Inc. v. Md. Food & Entm't, LLC*, 11-cv-3344-ELH, 2012 WL 5289790, at *3 (D.Md. Oct. 24, 2012) (Judge Hollander explaining and reaffirming her analysis in *Mayreal II* in a case with "virtually identical" allegations).

Contrary to its assertions, Plaintiff's complaint does not plead any facts that illuminate Mr. Richardson's "right and ability to supervise" misconduct or that he had an "obvious and direct financial interest" in broadcasting the Program. (ECF No. 1 ¶¶ 8 & 11). Plaintiff does not allege (1) that Mr. Richardson was present at the establishment when the Program was shown, (2) that he personally authorized the interception and display of the Program, (3) that he authorized advertisements for the broadcast of the Program, or (4) that he imposed a cover charge to profit from the broadcast. *See Mayreal II*, 849 F.Supp.2d at 592. Moreover, Plaintiff merely claims that it is "informed and believes" its allegations without disclosing the facts that form its basis of knowledge. (ECF No. 1 ¶¶ 8-13); *see Mayreal II*, 849 F.Supp.2d at 592; *see also Pa. Mut. Life Ins. Co. v. Berck*, 09-cv-0578-DKC, 2010 WL 1233980, at *5 (noting that adequately stating the facts that form the pleader's basis of knowledge "satisfies the pleading requirements of the federal rules."). While Plaintiff provides a webpage of the Maryland State Department of Assessments and Taxation, purportedly identifying Mr. Richardson as Pro Street's resident agent (ECF No. 1-1, at 1), and an alleged copy

11

of Pro Street's liquor license, identifying Mr. Richardson as its licensee (*id.*, at 6), this evidence, by itself, is insufficient to show that Mr. Richardson had the "right and ability to supervise" misconduct or that he had an "obvious and direct financial interest" in broadcasting the Program. *See Mayreal II*, 849 F.Supp.2d at 591-92.

Therefore, Defendant's motion to dismiss the claims against Mr. Richardson pursuant to Fed.R.Civ.P. 12(b)(6) will be granted. Nevertheless, Plaintiff requests leave to amend. Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs courts to "freely give leave [to amend] when justice so requires." Accordingly, Plaintiff will have twenty-one (21) days to file an amended complaint to provide factual support against Defendant Richardson.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss will be denied in part and granted in part. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge